UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN B. OSBISPO,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br><br>　　　　　Defendant. | Case No. CV 14-3774-SP<br><br><br>MEMORANDUM OPINION AND ORDER |

## I.

## **INTRODUCTION**

On May 27, 2014, plaintiff Esteban B. Obispo filed a complaint against the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents two issues for decision: (1) whether the administrative law judge ("ALJ") erred in finding plaintiff not disabled under Rule 202.09 of the Medical Vocational Guidelines (20 C.F.R. part 404, Subpart P, Appendix 2 ("Grid Rules")); and (2) whether, on remand, the ALJ violated the order of the Appeals Counsel and Social Security Administration ("SSA") regulations by disturbing plaintiff's subsequent grant of benefits. Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 5-10; Memorandum in Support of Defendant's Answer ("D. Mem.") at 12-23; Plaintiff's Reply ("Reply") at 4-10.

Having carefully studied the parties' papers, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly determined that plaintiff was not disabled under the Grid Rules for the period at issue – April 11, 2002 through January 19, 2011. But the ALJ violated plaintiff's due process rights when, contrary to the order of the Appeals Council, he disregarded SSA regulations, policies, and procedures, and disturbed plaintiff's previous grant of SSI. Consequently, this court affirms the decision of the Commissioner denying the period of disability and DIB from April 11, 2002 through January 19, 2011, but reverses the decision of the Commissioner denying SSI and reinstates plaintiff's SSI award, as previously granted for the period beginning January 20, 2011.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was forty-seven years old on his initial alleged onset of disability date, went to school through approximately ninth grade in Mexico. AR at 786, 870. He has past relevant work as a hand hose cutter and as a machine operator. *Id.* at 1208-09.

In July and August 2004, petitioner filed applications for SSI and DIB, alleging an onset date of April 11, 2002 due to lumbar, cervical, and thoracic

strain and left shoulder injuries. *Id.* at 51, 234-36, 786-88, 909. Plaintiff incurred the injuries in a work-related incident. *Id.* at 792-93. Subsequently, plaintiff additionally alleged disability based on depression. *Id.* at 794. The Commissioner denied plaintiff's application initially, after which plaintiff filed a request for hearing. *Id.* at 51-58.

Following a hearing (*see id.* at 815-51), on February 7, 2008, ALJ Eve B. Godfrey denied plaintiff's claim for benefits. *Id.* at 45-50. On March 6, 2008, plaintiff requested review of the decision. *Id.* at 176. The Appeals Council vacated ALJ Godfrey's decision. *Id.* at 189-91. On remand from the Appeals Council, and following another hearing (*see id.* at 852-902), on March 19, 2010, ALJ Robert S. Eisman denied plaintiff's claim for benefits. *Id.* at 27-37. The Appeals Council denied plaintiff's request for review. *Id.* at 11-13.

Plaintiff filed a complaint in this court in case number CV 11-9381-SP. *Id.* at 927. On October 3, 2012, this court reversed the Commissioner's decision and remanded the case to the Commissioner with an order to, "contact plaintiff's treating psychologist(s) in order to obtain plaintiff's treatment records; consider their opinions regarding plaintiff's impairment and limitations," and appropriately credit or reject the additional medical evidence. *Id.* at 926, 939. Meanwhile, before the Appeals Council acted on the court's remand order, on November 8, 2012, ALJ Marilyn M. Faulkner granted plaintiff benefits based on a new SSI application filed in January 2011, specifically finding plaintiff has been disabled since January 20, 2011. *Id.* at 954-59.

On remand from this court, the Appeals Council vacated ALJ Eisman's March 19, 2010 decision, and remanded the case to an ALJ for proceedings consistent with this court's order. Id. at 975. But in doing so the Appeals Council ordered the ALJ not to disturb ALJ Faulkner's previous grant of benefits beginning January 20, 2011:

[Plaintiff] filed a subsequent application for supplemental security

3

   income on January 20, 2011, that was allowed by an Administrative Law Judge's decision dated November 8, 2012, finding onset January 20, 2011, the date the application was filed. The Appeals Council does not disturb this favorable decision. Therefore, the period at issue (PAI) covered by this remand order begins April 11, 2002, the alleged onset date, and continues through January 19, 2011.

*Id.*

  On December 30, 2013, plaintiff, represented by counsel, appeared and testified at the remand hearing before ALJ Eisman. *Id.* at 1195-1207. The ALJ also heard testimony from Jeanine Metilidi, a vocational expert. *Id.* at 1207-1212. On February 24, 2014, the ALJ again denied plaintiff's claims for benefits. *Id.* at 909-25.

  Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since April 11, 2002, the alleged onset date. *Id.* at 913.

  At step two, the ALJ found that plaintiff suffered from the severe impairments of lumbar spine degenerative disc disease, and bilateral hip/pelvis degenerative joint disease. *Id.* The ALJ specifically found the "evidence does not support the existence of a severe mental impairment" based on the records lack of supporting medical testimony and plaintiff's lack of restrictions related to daily living and social function, mild limitations in concentration, and lack of extended decompensation periods. *Id.* at 913-17.

  At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 917.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined that from April 11, 2002 through January 19, 2011 plaintiff had the RFC to perform medium work with the limitations that plaintiff could: move objects by exerting 20 to 50 pounds of force occasionally, or 10 to 20 pounds of force frequently, or greater than negligible up to 10 pounds of force constantly; stand and walk up to six hours and sit up to six hours in an eight-hour workday with normal breaks; occasionally climb ramps or stairs, balance, stoop, kneel, or crouch; and occasionally push, pull, lift, and reach overhead with his non-dominant left upper extremity. *Id.* The ALJ also determined that plaintiff has a limited ability to communicate in English, and could not climb ladders, ropes, and scaffolds, or crawl. *Id.*

The ALJ found, at step four, that plaintiff was capable of performing his past relevant work as a Machine Operator II during the PAI, but only as it is customarily and generally performed. *Id.* at 921.

Although the ALJ found plaintiff not disabled at step four, the ALJ continued his analysis. At step five, the ALJ found there were additional jobs that existed in significant numbers in the national economy that plaintiff could perform, including automatic machine feeder, printed circuit board lamination assembler, and conveyor belt tender. *Id.* at 922. Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.*

Due to the changes in plaintiff's age categories over the course of the PAI, the ALJ briefly assessed plaintiff's impairments under the Grid Rules. *Id.* 922-23.

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

At step five, in the alternative, the ALJ found plaintiff was not disabled under the Grid Rules. *Id.* at 923.

After declaring plaintiff not disabled during the PAI, the ALJ conducted a continuing disability review of plaintiff's November 8, 2012 grant of SSI. *Id.* at 910, 912-13, 923-25. The ALJ found plaintiff's disability ended on November 9, 2012 and terminated plaintiff's previously awarded SSI. *Id.* at 910, 925.

Applying the seven-step evaluation process for review of a disability award (*see id.* at 912-13), the ALJ found at step one, that as of November 9, 2012, plaintiff does not have any impairment, or combination of impairments that meets or medically equals a listing. *Id.* at 923; *see* 20 C.F.R. part 404, Subpart P, Appendix 1.

At step two the ALJ found plaintiff has experienced a medical improvement. *Id.* And, at step three, the ALJ determined that the improvement increased plaintiff's RFC and positively impacted his ability to work. *Id.* at 923. Because the ALJ found plaintiff's medical improvement increased plaintiff's ability to perform basic work activities, no exceptions to medical improvement apply (20 C.F.R. 416.994(b)(5)(iv)), and the ALJ continued to step five of the analysis, skipping step four. *Id.*

At step five, the ALJ determined plaintiff still has the severe impairments and the non-severe impairments found at step three of the five-step evaluation. *Id.* at 923; *see id.* at 913.

At step six, the ALJ determined that, as of November 9, 2012, plaintiff's RFC was the same as the RFC the ALJ defined for the PAI, and thus plaintiff is capable of performing his past relevant work as a Machine Operator II, but only as it is customarily and generally performed. *Id.* at 923-24.

At step seven the ALJ found there were additional jobs that existed in significant numbers in the national economy that plaintiff could perform, including automatic machine feeder, printed circuit board lamination assembler,

and conveyor belt tender. *Id.* Consequently, the ALJ concluded that plaintiff's disability as defined by SSA ended on November 9, 2012. *Id.* at 925.

The ALJ's decision stands as the final decision of the Commissioner.

### III.
### STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff argues the ALJ erred in failing to find plaintiff disabled under the Grid Rules, and the ALJ violated the order of the Appeals Counsel and SSA regulations by disturbing plaintiff's subsequent grant of benefits. P. Mem. at 5-10; Reply at 4-10. Plaintiff seeks summary judgment and claims he is entitled to period of disability, DIB and SSI as a matter of law. P. Mem. at 2. Defendant argues the ALJ properly assessed plaintiff's RFC, age, and language abilities under the Grid Rules, and did not violate the Appeals Council's order by conducting a "continuing disability review" of plaintiff's SSI. D. Mem. at 2-9. Defendant seeks summary judgment on the issues and claims the Commissioner is entitled to judgment as a matter of law. D. Mem. at 1.

**A.  The ALJ Properly Assessed Plaintiff's RFC, Age, and Language Abilities Under the Grid Rules**

The ALJ's RFC determination during the PAI of April 11, 2002 through January 19, 2011, largely matched his RFC determination prior to remand. *Compare* AR at 917 (delineating ALJ Eisman's February 2014 RFC finding for the PAI) and *id.* at 31 (delineating ALJ Eisman's March 2010 RFC finding for the PAI). Both RFCs found plaintiff capable of performing medium work. *Id.* at 31, 917. Upon review of the ALJ's original determination, this court held plaintiff was not disabled under the Grid Rules. *Id.* at 932. The court declines to disturb it's previous ruling regarding plaintiff's disability under the Grid Rules. *See id.* at 931-39 (upholding ALJ's determination that plaintiff was not disabled under the Grid Rules and remanding to correct ALJ's failure to develop the record as related to plaintiff's mental disability).

Plaintiff, focusing on the ALJ's weighing of evidence that supports limiting plaintiff to lifting 30 pounds occasionally and 20 pounds frequently, argues the RFC should have limited plaintiff to light work. P. Mem. at 7. This court

1 previously stated, and here reiterates, "plaintiff's inability to perform the full range
2 of medium work does not mean that he only has the RFC to perform light work."
3 AR at 932. At the December 2013 hearing, plaintiff presented no new evidence
4 related to his condition during the PAI. *Id.* at 910, 1201-03, 1212-13.

5      Upon remand, the ALJ was directed by this court to re-assess plaintiff's
6 impairments in light of his mental limitations. AR at 939. Based on the
7 information provided by plaintiff, the ALJ attempted to acquire the missing
8 medical records. *Id.* After the hearing, the ALJ permitted plaintiff addition time
9 to submit missing records related to any pre-2009 treatment for mental health
10 issues. *Id.* Plaintiff failed to provide any medical records or medical opinions
11 related to plaintiff's mental limitations, before, during, or after the PAI. *Id.*

12      "An individual shall not be considered to be under a disability unless he
13 furnishes such medical and other evidence of the existence thereof as the
14 Commissioner of Social Security may require." 42 U.S.C.A. § 423(d)(5)(B). An
15 ALJ's acknowledgment that the record lacks sufficient evidence despite plaintiff's
16 repeated opportunities to submit additional evidence, does not shift the burden of
17 proof to the ALJ. *Mayes*, 276 F.3d at 459; *Tonapetyan*, 242 F.3d at 1150 (citing
18 *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir.1998); *Smolen*, 80 F.3d at 1288)
19 (noting an ALJ may fulfill his duty to develop the record by "continuing the
20 hearing, or keeping the record open after the hearing to allow supplementation of
21 the record"). Plaintiff's failure to provide any documentation undermines
22 plaintiff's arguments for reconsideration of plaintiff's RFC.

23      The court made no findings that ALJ Eisman's original analysis was lacking
24 based on the evidence actually in the record. *See* AR at 926-39 (holding ALJ's
25 error's harmless except for the ALJ's failure to develop the record related
26 plaintiff's mental impairment). Based on the information available, the ALJ did
27 not err in his original assessment or reconsideration of plaintiff's RFC, ability to
28

perform work, or lack of disability under the Grid Rules for the PAI of April 11, 2002 through January 19, 2011.

**B.     The ALJ Erred in Disturbing Plaintiff's Previous Grant of SSI**

Defendant argues the Appeals Council "did not specifically order the ALJ not to disturb [p]laintiff's subsequent favorable determination." D. Mem. at 2. While defendant correctly quotes the order as stating "[t]he Appeals Council does not disturb this favorable decision" (D. Mem. at 2; AR at 975), such a characterization disingenuously fails to acknowledge the basis for this statement. Prior to rendering its order remanding plaintiff's case to the ALJ, the Appeals Council received an "Analysis of Court Remand and Allowance of Sub[sequent] App[lication]." AR at 970. This report briefly reviews the court's opinion remanding plaintiff's case and ALJ Faulkner's grant of plaintiff's subsequently submitted application for SSI. *Id.* The report found plaintiff's later award of SSI to be "supported" by new evidence and recommended the Appeals Council "not disturb it" upon remand based on the court's unrelated ruling. *Id.* Thus, the Appeals Council specifically instructed that "the period at issue (PAI) covered by this remand order begins April 11, 2002 . . . and continues through January 19, 2011." *Id.* at 975. The ALJ disregarded this instruction in deciding on his own to review a determination covering a later period.

Even assuming the ALJ was not under a directive to leave plaintiff's SSI intact, the ALJ erred. According to regulation, "[w]hen a claimant has been granted benefits, the SSA evaluate[s his] impairment(s) from time to time to determine if [he is] still eligible for disability cash benefits." *Sandoval v. Colvin*, 2014 WL 4854565, at *1 (C.D. Cal. Sept. 30, 2014) (quoting 20 C.F.R. § 404.1589) (internal quotation marks omitted) (alterations in original). The SSA undertakes continuing disability reviews at varying intervals and for assorted reasons. 20 C.F.R. § 404.1589; *Flaten v. Sec'y of Health and Hum. Servs.*, 44 F.3d 1453, 1460 (9th Cir.1995). Generally, the SSA will wait a minimum of three years

before conducting a review of benefits awarded by an ALJ.  20 C.F.R. § 404.1590(f).

A continuing disability review is initiated by notice to the benefit recipient.  20 C.F.R. § 404.1589.  The notice includes an explanation of the alternate standards applicable to the review and specifically informs the benefit recipient of his or her right to submit evidence and the possibility that benefits will be terminated.  *Id.*  ("[W]e will notify you that we are reviewing your eligibility for disability benefits, why we are reviewing your eligibility, that in medical reviews the medical improvement review standard will apply, that our review could result in the termination of your benefits, and that you have the right to submit medical and other evidence for our consideration during the continuing disability review.").  The ALJ provided plaintiff with no notice prior to conducting the hearing or at the hearing that he intended to review plaintiff's grant of SSI benefits.  *See* AR at 990-94 ("Notice of Hearing"); *Mathews v. Eldridge*, 424 U.S. 319, 348-49, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 171-72, 71 S. Ct. 624, 95 L. Ed. 817 (1951) (Frankfurter, J., concurring) ("The essence of due process is the requirement that 'a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'").  On the contrary, the Notice of Hearing advised plaintiff the ALJ would be reviewing plaintiff's July 2004 DIB and SSI applications, and did not mention his January 2011 SSI application for which he was granted benefits.  AR at 992.

The ALJ's comment, that he will "completely evaluat[e plaintiff's] case again" during the hearing, falls far short of the required notice.  AR at 1197.  Equally unconvincing is the ALJ's assertion that "[he] left the record open for 30 days (to January 30, 2014 as stated at the hearing) to allow time for [plaintiff] to attempt obtaining additional medical records, *including but not limited to* medical records . . . [related to] his mental impairments."  *Id.* at 910 (emphasis added).

During the hearing the ALJ refers to receiving documentation "requir[ing him] to review [plaintiff's] case and, in particular, get some additional information regarding [plaintiff's] past psychological or psychiatric treatment." *Id.* at 1197. The only medical records the ALJ tried to locate were related to plaintiff's past mental health treatment. *Id.* at 1197-1213. Based on the court ordered remand (*id.* at 926-39), the Appeals Council notification to plaintiff regarding the remand (*id.* at 971-76), and the Notice of Hearing sent by ALJ Eisman (*id.* at 990-94), plaintiff had no reason to believe his later grant of SSI was under review.

     Additionally, although an individual seeking Social Security benefits initially has the burden of proving he is disabled, once a finding of disabled has been made, "a presumption of continuing disability arises" and "the Commissioner has the burden of producing evidence to meet or rebut the presumption." *Duarte v. Colvin*, 2013 WL 5941055, at *1 (C.D. Cal. Nov. 5, 2013) (citing *Bellamy v. Sec'y of Health and Hump Servs.*, 755 F.2d 1380, 1381 (9th Cir.1985)). Prior to consideration of whether plaintiff can perform work available in the national economy, the Commissioner must provide substantial evidence of medical improvement that rebuts the presumption. *Perry v. Heckler*, 722 F.2d 461, 464 (9th Cir. 1983). The ALJ's determination of medical improvement based on the "minimal, conservative treatment [of plaintiff's severe impairments] since November 9, 2012" (AR at 924), and the lack of a recent medical source statement (*id.*), is not sufficient evidence to support termination of plaintiff's SSI. *See Bellamy*, 755 F.2d at 1381 (reversing and remanding ALJ's discontinuation of benefits based on "some evidence" but lacking in a "clear showing of [medical] improvement"); 20 C.F.R. § 404.1589 ("In doing a medical review, we will develop a complete medical history of at least the preceding 12 months in any case in which a determination is made that you are no longer under a disability.").

     The ALJ erred in ignoring the Appeals Council's order and disturbing plaintiff's previous grant of SSI. The ALJ's impromptu continuing disability

review violated plaintiff's due process rights and SSA regulations, policies, and procedures. And termination of plaintiff's benefits was not based on substantial evidence of medical improvement. For all the foregoing reasons, the Commissioner's termination of plaintiff's continuing SSI is reversed.

## V.
## IMMEDIATE REINSTATEMENT OF PREVIOUSLY AWARDED BENEFITS IS APPROPRIATE

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). It is appropriate for the court to exercise this discretion to direct an immediate award of benefits where: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (setting forth three-part credit-as-true standard for remanding with instructions to calculate and award benefits). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, as set out above, an order reversing the ALJ's termination of SSI and immediately reinstating the award of benefits is appropriate because there are no outstanding issues that must be resolved before it can be determined whether plaintiff is disabled and entitled to benefits. *See Garrison*, 759 F.3d at 1020. Plaintiff was awarded SSI by an another ALJ based on a separate application for

benefits for a period unrelated to the remanded PAI. AR at 954-59. The Appeals Council found the award to be supported, and the ALJ erred in disturbing the award. *See id.* at 970, 975. Nothing in this decision hinders the Commissioner's ability to conduct a properly noticed continuing disability review in accordance with SSA regulations, policies, and procedures.

## VI.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits for the period April 11, 2002 through January 19, 2011, and REVERSING the decision of the Commissioner terminating plaintiff's SSI and remanding this matter to the Commissioner for immediate reinstatement of SSI benefits for the period beginning November 9, 2012.

DATED: September 28, 2015

SHERI PYM
United States Magistrate Judge